## Richmond

### RICHMOND MEMORIAL HOSPITAL AND THE VIRGINIA HOSPITAL INSURANCE RECIPROCAL

### V.

### BILLIE ALYS CRANE

June 12, 1981.

Record No. 800829.

Present: All the Justices.

*William R. Allcott, Jr. (Michael E. Harman; Browder, Russell, Morris & Butcher,* on brief), for appellants.
*Roger L. Williams (Mary Louise Kramer; Sands, Anderson, Marks & Miller,* on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

The sole question on appeal is whether the Industrial Commission erred in ruling that the claimant, Billie Alys Crane, suffered an injury by accident "arising out of" her employment within the meaning of Code § 65.1-7.

The facts are undisputed. Mrs. Crane was employed as a registered nurse in the Labor and Delivery Department of Richmond Memorial Hospital, working the 11:00 p.m. to 7:00 a.m. shift. On July 16, 1979, at approximately 5:15 a.m., she turned in the swivel chair in which she was sitting and stood to walk. She began to walk, "going straight forward," by taking one uneventful step with her left foot. Upon taking the next step with her right foot, she felt something snap in the lower back portion of her right leg. Mrs. Crane went immediately to the hospital's emergency room and later saw Dr. Donald Davidson. Dr. Davidson diagnosed her condition as a muscle tear. As a result of the injury, Mrs. Crane was out of work for six weeks. She testified that she had never had any trouble with the leg before this incident.

On December 17, 1979, Mrs. Crane filed an application with the Commission for a hearing seeking benefits under the Workmen's Compensation Act. The hearing commissioner awarded her medical expenses and weekly compensation from July 16, 1979, to September 3, 1979. This award was affirmed by the full Commis-

sion, and the hospital and its insurer, The Virginia Hospital Insurance Reciprocal, appealed.

To qualify for benefits under the Virginia Workmen's Compensation Act, the evidence must show that the employee suffered an injury by accident which arose out of and in the course of the employment. In the present case the employer concedes that Mrs. Crane was injured by accident which arose in the course of the employment, but argues that her injury did not arise out of her employment.

The phrase "arising out of" refers to the origin or cause of the injury. *Baggett & Meador Cos.* v. *Dillon,* 219 Va. 633, 637, 248 S.E.2d 819, 822 (1978). The injury arises out of the employment:

"when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence." *Bradshaw* v. *Aronovitch,* 170 Va. 329, 335, 196 S.E. 684, 686 (1938), quoting *In re McNicol,* 215 Mass. 497, 499, 102 N.E. 697, 697 (1913).

*Id.* at 637-38, 248 S.E.2d at 822.

Applying the foregoing test to the facts of the present case, we conclude that Mrs. Crane's injury did not arise out of her employment. Her injury occurred as she was walking along a level, clean,

unobstructed and well-lighted corridor. She did not slip, trip, stumble or fall. Nothing in her work environment contributed to her injury. The rational mind, upon consideration of all the circumstances, cannot reasonably conclude that there was a causal connection between the conditions under which her work was required to be performed and the resulting injury.

■ In finding for the claimant, the Commission relied upon *Reserve Life Ins. Co. v. Hosey,* 208 Va. 568, 159 S.E.2d 633 (1968), a case which the claimant contends is "virtually identical" to hers. In deciding whether a claim arises out of the employment, however, "[t]he facts in no two cases are identical and to a certain extent each case must stand alone." *Sullivan v. Suffolk Peanut Co.,* 171 Va. 439, 443, 199 S.E. 504, 505 (1938).

In *Hosey,* the claimant was making a door-to-door survey for her employer to ascertain whether people were interested in hospital insurance. At the top step of one of the homes, she felt a sharp, severe pain in her knee. She testified that they were rock steps and that "they were just a little bit higher than usual for a step." Mrs. Hosey's testimony further revealed that the injury occurred around 4:00 p.m. on a very hot day and that she had never before experienced such an injury. The Commission found that Mrs. Hosey's injury arose out of her employment, and we affirmed.

*Hosey,* in our view, presented a factual situation from which the rational mind could conclude that the work environment was to some degree a contributing cause of the injury. Unlike the facts in the present case, Mrs. Hosey was climbing steps, not walking along a level corridor, and, more importantly, the steps "were just a little bit higher than usual."

■ As we said in *Dreyfus & Co. v. Meade,* 142 Va. 567, 570, 129 S.E. 336, 336-37 (1925):

> [I]t was not the intention of the legislature to make the employer an insurer against all accidental injuries which might happen to the employee while in the course of the employment, but only for such injuries arising from or growing out of the risks peculiar to the nature of the work, in the scope of the workman's employment or incidental to such employment, and accidents to which the employee is exposed in a special degree by reason of such employment. Risks to which all persons similarly situated are equally exposed and not

traceable to some special degree to the particular employment are excluded.

We are not willing to extend our holding in *Hosey* by allowing compensation when, as in the present case, the employment does not expose the claimant to a special degree of risk.

Concluding that the Commission erred in awarding compensation in this case, we will reverse the award entered against the defendants and enter final judgment dismissing the claimant's application.

*Reversed and final judgment.*