CENTRAL STATE HOSPITAL, ET AL.

V.

BRENDA FAY WIGGERS

Record No. 841441

October 11, 1985

Present: All the Justices

*Donald S. Elmore (Elmore & Parker*, on brief), for appellants.
*Sylvester G. Sheppard* for appellee.

PER CURIAM.

The sole question in this workers' compensation appeal is whether there was evidence to support the Industrial Commission's finding that the claimant had sustained an injury by accident arising out of her employment.

Brenda Fay Wiggers was employed as a clerk at Central State Hospital. On August 2, 1983, she arose from her desk and walked toward an adjoining office, a distance of about ten steps, to answer a telephone. She testified: "[J]ust before I went to grab for the phone, my ankle, the right ankle twisted . . . . It just turned over."

The claimant did not testify that she slipped, tripped, stumbled, or fell, but merely that she "turned" or "twisted" her ankle while walking normally. "[I]n the process of going for the phone I don't know if the floor was slippery or what, but I twisted my ankle." She testified that there was no rug on the floor, that it was flat and level, and was free of water or other liquid. Some construction work had been going on in the area, but, she said, "[t]here was no construction work going on at the time. It was all out in the hallway." She surmised that the floor might have been slippery from some unknown cause: "There wasn't any water on the floor but renovation was being done between the offices and this downstairs part of the building and they had just waxed I presume the night before. Maybe it was slippery from that. It was something on the floor. I don't know what. It was not water. It was nothing liquid. There was no material on . . . ."* She described the shoes she was wearing as "loafers." There was no further evidence concerning the cause of her injury.

The deputy commissioner held that the claimant's injury was "idiopathic" and did not arise out of her employment. The full Commission, one commissioner dissenting, reversed, finding that she "turned her ankle while walking along a floor *made slippery* by an unknown substance *causing* the claimant to turn her ankle and suffer an immediate injury." (emphasis added). The record provides no support, beyond the claimant's speculation, for these findings.

---

* Her testimony was interrupted here by a question by the deputy commissioner.

■ The claimant had the burden of establishing, by a preponderance of the evidence, and not merely by conjecture or speculation, that she suffered an injury by accident which arose out of and in the course of the employment. *King's Market* v. *Porter*, 227 Va. 478, 484, 317 S.E.2d 146, 149 (1984); *Humphries* v. *N.N.S.B., Etc., Co.*, 183 Va. 466, 479, 32 S.E.2d 689, 695 (1945); *Carter* v. *Hercules Powder Co.*, 182 Va. 282, 288, 28 S.E.2d 736, 738 (1944).

■ We agree with the deputy commissioner, and with the dissenting commissioner, that this case is controlled by *Richmond Mem. Hosp.* v. *Crane*, 222 Va. 283, 278 S.E.2d 877 (1981), to which it bears a marked similarity. In *Crane*, a hospital employee arose from a chair and began to walk normally, "going straight forward." *Id.* at 284, 278 S.E.2d at 878. Upon taking her second step, she felt "something snap" and sustained a muscle tear in her right leg. *Id.* We noted that "nothing in her work environment contributed to her injury." *Id.* at 286, 278 S.E.2d at 879. An injury arises out of the employment

> when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury . . . . But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant.

*Crane*, at 285, 278 S.E.2d at 878-79, quoting *In re McNicol*, 215 Mass. 497, 499, 102 N.E. 697, 697 (1913). *Cf. R & T Investments* v. *Johns*, 228 Va. 249, 321 S.E.2d 287 (1984) (one who regularly carried employer's money to bank was exposed by work environment to risk of robbery and assault greater than that of general public).

■ Finding no evidence in the record to establish a causal connection between the claimant's work environment and her injury,

we will reverse the order of the Industrial Commission and enter final judgment vacating the award.

*Reversed and final judgment.*