**Salem**

HERCULES, INC. et al.

v.

JAMES DANIEL STUMP

No. 1088-85

Decided March 18, 1986

COUNSEL

Edwin C. Stone (Clifford L. Harrison, Spiers, Stone, Hamrick & Wall, on briefs), for appellants.

John W. L. Craig II (Jenkins, Quigley & Craig, on brief), for appellee.

OPINION

**COLEMAN, J.—** Hercules, Inc. and Aetna Casualty & Surety Company (collectively, employer) appeal from a decision of the Industrial Commission finding that a knee injury suffered by the appellee, James Daniel Stump (claimant), in a slip and fall on a stairway arose out of his employment. The Commission found that the injury arose out of the employment because "the conditions of . . . [claimant's] employment required . . . [him] to ascend and descend this particular stairway with regularity and thereby to assume a degree of risk inherent in traversing that particular obstacle." Because the finding of whether an injury "arose out" of the employment is a mixed question of law and fact, *Park Oil Co.* v. *Parham*, 1 Va. App. 166, 168, 336 S.E.2d 531, 532 (1985), we must determine whether the facts presented are sufficient as a matter of law to justify the Commission's finding. We find that

they are, and affirm.

The employee has the burden to show by a preponderance of evidence an injury by accident arising out of and in the course of his employment. *See* Code § 65.1-7. The employer does not dispute that the injury resulted from an accident which occurred during the course of claimant's employment since it occurred within the period of employment, at a place where the employee was reasonably expected to be, and while doing something which was reasonably incident to his employment. *Norfolk & Washington Steamboat Co.* v. *Holladay*, 174 Va. 152, 157, 5 S.E.2d 486, 488 (1939). The sole issue is whether the accident arose out of his employment.

All accidental injuries which occur in the course of employment are not necessarily compensable under the Workers' Compensation Act. To be compensable, an injury must grow out of the risks particular to the nature of the work. "Risks to which all persons similarly situated are equally exposed and not traceable to some special degree to the particular employment are excluded." *Dreyfus & Co.* v. *Meade*, 142 Va. 567, 570, 129 S.E. 336, 337 (1925).

Employer, citing *Dreyfus*, contends that an injury arising from a slip and fall on a stairway which was not shown to be unusual or defective is not compensable because the injury arose from a hazard to which claimant would have been equally exposed apart from the employment. We disagree. The injury does not have to result from an unusual or defective condition; rather it must be caused by conditions which are particularly related to or associated with the work or work environment.

The phrase "arising out of" contained in Code § 65.1-7 refers to the "origin or cause of the injury." *Baggett & Meador Cos.* v. *Dillon*, 219 Va. 633, 637, 248 S.E.2d 819, 822 (1978). An injury arises out of the employment:

> when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person

familiar with the whole situation as *a result of the exposure occasioned by the nature of the employment*, then it arises "out of" the employment. But . . . *[t]he causative danger must be peculiar to the work and not common to the neighborhood.* . . . [I]t must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.

*Id.* at 637-38, 248 S.E.2d at 822 (emphasis added) (citations omitted). "In deciding whether a claim arises out of the employment, . . . '[t]he facts in no two cases are identical and to a certain extent each case must stand alone.'" *Richmond Memorial Hospital* v. *Crane*, 222 Va. 283, 286, 278 S.E.2d 877, 879 (1981) (citation omitted).

The facts in this case are not in dispute. On January 7, 1985, while at work, claimant was descending a wooden stairway located outdoors on employer's premises when his foot "slipped out from under [him] and when [he] hit the ground [his] knee twisted, it popped out of place." The wooden stairway, which led down to a gravel roadway, was regularly traversed by other employees in going to and from the nearest available restroom facilities. Although the stairway was subjected to the elements, claimant noticed nothing unusual or defective about the steps prior to his accident.

Immediately after the fall, claimant was examined by Dr. Kenneth Gray at the employer's clinic. Dr. Gray found a mild tear in the medial collateral ligament of claimant's right knee, which necessitated open knee surgery. On February 8, 1985, during surgery, Dr. Gray also observed and repaired two tears in the menisco cartilage which, he noted, "appeared to be quite recent." Although claimant acknowledged having had difficulty with his right knee before the industrial accident, he testified that any prior injuries had occurred long before and were 100% healed.

We conclude that the facts clearly support the Commission's finding that a causal connection existed between the claimant's injury and the conditions under which he was performing a function during and incidental to his employment. The conditions peculiar to the employment required claimant to regularly ascend and descend the stairway provided by employer as the only access to restroom facilities for employees working in that area. Any risks in traversing that particular obstacle were inherent to the

employment environment.

The case of *Reserve Life Insurance Co. v. Hosey*, 208 Va. 568, 159 S.E.2d 633 (1968), controls the present case and supports the Commission's finding. In *Hosey*, the claimant, who was conducting a door-to-door survey for her employer concerning hospital insurance, felt a sharp, severe pain in her knee as she climbed the top step to one of the residences she called upon. In affirming the award of compensation by the Commission, the Supreme Court approved the finding that a factual situation was presented from which the rational mind could conclude that the work environment, the rock steps which she was climbing, was a contributing cause of the injury. The Court noted that climbing the steps was a condition incidental to the employment of conducting the surveys and that in this particular incident the steps were just a little bit higher than usual. *Id.* at 571-72, 159 S.E.2d at 634-35.

The employer urges that *Crane*, 222 Va. 283, 278 S.E.2d 877, and *Badische Corp. v. Starks*, 221 Va. 910, 275 S.E.2d 605 (1981), limit the usefulness of *Hosey* in resolving the issues in this case. In *Crane*, Mrs. Crane, a registered nurse, felt something snap in the lower back portion of her right leg, later diagnosed as a muscle tear, as she was walking along a level, clear, unobstructed and well-lighted corridor. In reversing the Commission's award of compensation to Mrs. Crane, the Court noted: "She did not slip, stumble or fall. Nothing in her work environment contributed to her injury. The rational mind, upon consideration of all the circumstances, cannot reasonably conclude that there was a causal connection between the conditions under which her work was required to be performed and the resulting injury." 222 Va. at 286, 278 S.E.2d at 879. Additionally, in noting the factual distinctions between the employment conditions in Mrs. Crane's situation and those in *Hosey*, the Court said that "the work environment was to some degree a contributing cause of [Mrs. Hosey's] injury. Unlike . . . [Crane], Mrs. Hosey was climbing steps, not walking along a level corridor, and, more importantly, the steps 'were just a little bit higher' than usual." *Id.*

Employer contends that the fact that the steps in *Hosey* "were just a little bit higher than usual" was vital to the outcome of that case, and that had an "ordinary" stairway been involved there would have been a different result. We disagree. The Court's reference in *Crane* to the height of the steps merely emphasized an

additional factor peculiar to the work environment which further distinguished the factual situation in *Hosey* from that in *Crane*, which involved a "level, clean, unobstructed corridor." *Id.* at 285-86, 278 S.E.2d at 879.

In *Badishe Corp.*, the Court cited *Hosey* with approval for the proposition that an injury by accident, to be compensable, must arise from an identified incident, such as in *Hosey* where "the claimant in the course of her employment was making a door-to-door survey . . . [and as] she reached the top of a flight of stone steps her knee caught and snapped." *Badische Corp.*, 221 Va. at 912, 275 S.E.2d at 606. Neither *Crane* nor *Badische Corp.* limit *Hosey* in a manner that controls our decision here.

The facts in this case are even more compelling than in *Hosey*. Similar to *Hosey*, claimant was descending a stairway that was integral to his employment environment because it was used by employees to perform tasks both directly and incidentally related to their employment. While we find that that factual situation alone was sufficient from which the rational mind could conclude that the work environment was to some degree a contributing cause of the injury, the nature and location of the outdoor wooden stairway, which was subjected to the elements, constituted an additional factor peculiar to this work environment, similar to the higher steps in *Hosey*. The nexus between conditions of the work environment which contributed to the risk or hazard and the occurrence of an identifiable movement or incident related to the work environment which caused the injury are apparent to the rational mind.

Claimant suffered an obvious sudden mechanical or structural change to his body as the result of an identifiable movement or incident. He testified that as a result of the slip his knee twisted when he hit the ground and, "it popped out of place." The medical examination which immediately followed and the subsequent surgery substantiate claimant's account that an obvious sudden mechanical or structural change occurred.

The Commission's finding that claimant sustained an injury by accident arising out of his employment is supported by credible evidence and is sufficient to sustain the award. The award is therefore affirmed.

*Affirmed.*

Koontz, C.J., and Moon, J., concurred.