COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Fitzpatrick
Argued at Alexandria, Virginia

BRIAN SCOTT TIMMONS

v.          Record No. 1761-94-4          MEMORANDUM OPINION*
                                          BY JUDGE JOSEPH E. BAKER
AIRBORNE FREIGHT CORPORATION                  MAY 16, 1995
AND
AMERICAN MANUFACTURERS MUTUAL
 INSURANCE COMPANY

        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Kathleen G. Walsh (Ashcraft & Gerel, on brief),
            for appellant.

            Michael L. Zimmerman (Brault, Palmer, Grove,
            Zimmerman, White & Mims, on brief), for appellees.


     In this appeal from a decision of the Workers' Compensation

Commission (commission), Brian Scott Timmons (claimant) contends

that the commission erred when it found that claimant did not

prove his injury arose out of his employment with Airborne

Freight Corporation (employer).  Finding no error, we affirm the

commission's decision.

     On appellate review, we construe the evidence in the light

most favorable to the party prevailing below.  R.G. Moore Bldg.

Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788

(1990).  Claimant had been a customer service agent for employer

for six years immediately prior to July 21, 1993.  His work

required him to receive telephone calls regarding employer's

_____

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

freight services. In the performance of that work, claimant sat in a wheeled, swivel chair answering telephone calls through a headset and use of a computer. He was evaluated on how quickly he answered the calls. He worked at a desk and was required to swivel one to one and one-half feet to access the computer when responding to a call; however, he could reach the computer without turning. At the time of his injury, claimant had locked his foot behind a roller on the base of his chair, preventing the chair from moving. While responding to an incoming call on July 21, 1993, claimant was required to access the computer. When he moved to receive the call, his locked foot prevented the swivel chair from moving. His lower body remained stationery while his upper body twisted. Claimant testified that as he twisted, he felt something pop in his back. His claim for compensation benefits was based upon the injury resulting from that incident.

To recover under the Workers' Compensation Act, claimant must prove, by a preponderance of the evidence, that he suffered an "injury by accident arising out of and in the course of the employment." Code § 65.2-101. "The phrase arising 'in the course of' refers to the time, place, and circumstances under which the accident occurred. The phrase arising 'out of' refers to the origin or cause of the injury." County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989).

The question of whether an injury "arose out of" the employment is a mixed question of law and fact. Park Oil Co. v.

Parham, 1 Va. App. 166, 168, 336 S.E.2d 531, 532 (1985).  We must, therefore, determine whether the facts presented are sufficient as a matter of law to justify the commission's finding.  Hercules, Inc. v. Stump, 2 Va. App. 77, 78, 341 S.E.2d 394, 395 (1986).

> In its opinion, the commission said:
>     The claimant has the burden of proving an injury by accident on July 21, 1993 arising out of and in the course of his employment.  The dispositive question is whether the claimant's injury resulted from a risk of his employment.  We find that it did not.  The evidence shows that [claimant] did nothing more than turn in his chair to answer the telephone and access his computer.  No significant exertion was required, and there was nothing awkward or strenuous in his movements.  The mere act of turning in one's chair is insufficient to bring the injury within the coverage of the Act.

We hold that the evidence supports that conclusion.

Claimant relies upon First Fed. Sav. and Loan v. Gryder, 9 Va. App. 60, 383 S.E.2d 755 (1989).  The cases are distinguishable by their facts.  In Gryder, the Court specifically noted that if Gryder had been only working at her desk and felt a sharp pain when she "twisted," she would not have been permitted to recover.  On those facts, Gryder supports the commission's decision.

In the case before us, claimant's injury was caused solely by his twisting.  The conditions of the work place had nothing to do with the injury he sustained.  See Plumb Rite Plumbing Service v. Barbour, 8 Va. App. 482, 382 S.E.2d 305 (1989).

- 3 -

Accordingly, for the reasons stated, the commission's decision is affirmed.

Affirmed.