COURT OF APPEALS OF VIRGINIA

Present:  Judges Koontz, Elder and Senior Judge Duff


MAIDA DEVELOPMENT COMPANY, ET AL.

v.    Record No. 1419-94-1             MEMORANDUM OPINION[*] BY
                                    JUDGE LAWRENCE L. KOONTZ, JR.
CAROLYN COX HAYSLETT                     JULY 25, 1995

        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Roger S. Mackey (Law Offices of Conrad A. Fontaine, on
        brief), for appellants.

        Raphael C. Conner (Peninsula Legal Aid Center, Inc., on
        brief), for appellee.


        Maida Development Company (employer) and its insurer appeal

an award of benefits by the Virginia Workers' Compensation

Commission (commission) to Carolyn Cox Hayslett (claimant).

Employer contends that the commission, in a divided decision,

erred in finding that claimant's fall was compensable either

because a condition of her employment contributed to her fall or

because her employment placed her in a position of more serious

risk which intensified the effect of her fall.  For the following

reasons, we affirm the commission's finding of compensability.

        We restate only those facts necessary to explain our

holding.  Viewed in the light most favorable to the commission's

ruling, Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App.

503, 504, 339 S.E.2d 916, 916 (1986), the record discloses that

claimant and several other employees were seated during their

lunch break on a series of four steps without a landing or

[*]Pursuant  to  Code  § 17-116.010  this  opinion  is  not
designated for publication.

railing in front of the double-door entrance to the workplace. When an employee approached the steps and sought access to the building, claimant was required to stand up and give way. At that point she fell off the side of the steps and injured her right leg.

The deputy commissioner inferred from the record, although there was no direct evidence as to the vertical width of the step, that the step offered claimant a limited area on which to stand and that in allowing the employee to pass, claimant had insufficient room to stand and, thus, fell off the steps. In affirming the deputy commissioner's award, a majority of the commission held that it was permitted to "take judicial notice of the fact that steps normally present a limited area on which to stand." The majority further held that even if claimant's fall was not attributable to conditions of the step, her injury was nonetheless compensable because the steps, a common gathering place for employees on break, placed her at an elevated height which increased the risk of injury. See Southland Corp. v. Parson, 1 Va. App. 281, 287, 338 S.E.2d 162, 165 (1985).

One commissioner dissented, asserting that the record supported a finding that the fall was unexplained. While not directly addressing the assertion that the "limited area" of the step caused the fall, the commissioner, relying on Memorial Hospital v. Hairston, 2 Va. App. 677, 682, 347 S.E.2d 527, 529 (1986), asserted that unexplained falls in general are not

-2-

compensable.[1]

Proof that the employee fell on the employer's premises "adds nothing and answers nothing, when the inquiry is, did the injury arise out of the employment.  It simply helps prove the 'in the course of' prongs of the compensability test." County of Chesterfield v. Johnson, 237 Va. 180, 184, 376 S.E.2d 73, 76 (1989).  Here, employer concedes that claimant's injury arose in the course of her employment.  To prove the "arising out of" component, a claimant must show that a condition of the workplace either caused or contributed to the fall.  Id. at 184, 376 S.E.2d at 75.  Furthermore, "the causative danger must be peculiar to the work and not common to the neighborhood.  It must be incidental to the character of the business and not independent of the relation of master and servant."  Richmond Memorial Hospital v. Crane, 222 Va. 283, 285, 278 S.E.2d 877, 879 (1981).

We reject the analysis of the dissenting commissioner because it proceeds from the mistaken belief that claimant's fall was unexplained and applies standards applicable to such falls. The legal standards for unexplained falls are inapplicable because falls associated with steps are de facto "explained falls," that is falls which arise out of a known condition of the workplace.  When an individual falls while traversing a step or

[1]This assertion is in error.  In Hairston, this Court expressly stated that "[w]e do not here decide whether under different circumstances a presumption [of compensability for unexplained injuries] should be applied in a non-death case." Hairston, 2 Va. App. at 682, 347 S.E.2d at 529.

series of steps in the workplace, the fall, unless idiopathic, occurs, at least in part, as a result of traversing the step(s). The presence of the steps explains the fall, obviating the need to resort to the analysis applicable to unexplained falls.

The mere fact that the presence of steps explains, at least in part, the fall does not support a finding that the injury arises from the employment. Where the steps are not unusual and no other condition of the employment contributes to the fall, the injury is not compensable. Steps are a risk of everyday life which may, depending on the specific facts of the case, be transformed into a risk peculiar to the workplace.

We hold that the record supports the commission's principal position that claimant suffered a fall arising out of a condition of her workplace and that this condition was not "common to the neighborhood." Crane, 222 Va. at 285, 278 S.E.2d at 879. To satisfy the "arising out of" prong of the compensability test, claimant had to prove that "there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938) (emphasis added); see also Marketing Properties, Inc. v. Hill, 17 Va. App. 431, 434, 437 S.E.2d 727, 729 (1993) (en banc). Although claimant testified that she did not "know how I went off the steps or anything else," the record as a whole affords an

-4-

adequate explanation of how her fall occurred.[2]  A review of the record in the light favorable to the claimant supports a finding that the steps were unusual because there was no landing, providing insufficient room upon which an employee might stand in order to give way.  The absence of a railing, also indicated by the record, to protect against a fall further supports finding a causative link between a condition of the workplace and claimant's fall.

Moreover, the condition of the workplace which contributed to claimant's fall was not merely the unusual nature of the steps per se, but the steps as a gathering place for employees on break.  By gathering on the steps, the employees obstructed normal traffic into and out of the building.  The inference of the commission that the number of employees gathered on the steps, combined with the necessity for claimant to stand and give way in a limited space, caused her to lose her balance and fall off the unprotected side of the steps is one "apparent to the rational mind."  This inference flows logically from the record and adequately explains the fall as arising from a condition of the employment.  See Hercules, Inc. v. Stump, 2 Va. App. 77, 80–81, 341 S.E.2d 394, 396 (1986) (although steps were not

---

[2]Claimant's burden of proving that an injury arose out of the employment includes a burden to prove that the injury was not caused by some idiopathy.  See Winegar v. Int'l Telephone & Telegraph, 1 Va. App. 260, 261–62, 337 S.E.2d 760, 760–61.  Here, employer does not contend and no evidence in the record suggests that claimant's fall was idiopathic.

unusual or defective, condition peculiar to employment required employees to ascend and descend the stairway more frequently than normal); see also Reserve Life Insurance Co. v. Hosey, 208 Va. 568, 571-72, 159 S.E.2d 633, 634-35 (1968) (steps encountered by door-to-door pollster, while not unusual, were conditions incidental to the employment).

Although claimant was injured during a break, the accident occurred on employer's premises in an area where employees were permitted to gather during break periods.  As such, employer was responsible for the condition and use of the area and the resulting dangerous circumstances inherent in crowding on steps in front of a principal entrance to the workplace.[3]  Thus, the causative danger was both incidental to the character of the workplace and dependent on the master-servant relationship. Crane, 222 Va. at 285, 278 S.E.2d at 879.

For these reasons, we affirm the decision of the commission.

Affirmed.

---

[3]The record discloses that employer provided a "smoking room" which employees used during inclement weather.  However, the fact that employer provided a designated location for employees to gather during their breaks did not relieve it of the responsibility to provide safe conditions in other areas of the workplace where employees were known and permitted to congregate. Cf. Kraf Construction v. Ingram, 17 Va. App. 295, 299, 437 S.E.2d 424, 427 (1993) (employees must use satisfactory place provided by employer to satisfy personal comfort or risk loss of compensation for injuries incurred during exercise of personal comfort).