COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Willis and Senior Judge Hodges
Argued at Norfolk, Virginia


CRIZMAR, INC. t/a
 BELGIAN WAFFLE & STEAK HOUSE

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 3083-96-1              JUDGE WILLIAM H. HODGES
                                             JULY 8, 1997
HELEN L. SANBORN AND
 UNINSURED EMPLOYER'S FUND


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Paul H. Wilson (Wilson & Wilson, on brief),
            for appellant.

            Cheryl A. Wilkerson, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General; John J. Beall, Jr., Senior Assistant
            Attorney General, on brief), for appellee
            Uninsured Employer's Fund.

            No brief or argument for appellee Helen L.
                Sanborn.



        Crizmar, Inc. t/a Belgian Waffle & Steak House (employer)

appeals a decision of the Workers' Compensation Commission

(commission) awarding benefits to Helen L. Sanborn (claimant).

Employer contends that the commission erred in (1) finding that

claimant sustained an injury by accident arising out of her

employment on June 11, 1995; and (2) not granting employer's

motion to dismiss claimant's appeal to the full commission based

upon her failure to file a written statement as ordered by the

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

commission.[1]  Finding no error, we affirm the commission's decision.

                                    I.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

So viewed, the evidence showed that on June 11, 1995, while working in employer's restaurant as a cook, claimant fell and fractured her left ankle.  Employer's kitchen area, where claimant fell, measures approximately three feet by twelve feet, with a work area along both sides.  The kitchen floor is composed of cement with a tile covering.

Claimant testified that on the morning of June 11, 1995, her co-worker, Buddy Blair, finished mopping and sweeping the kitchen area at approximately 7:00 a.m.  At approximately 7:30 a.m., claimant walked into the freezer and retrieved some items.  She loaded the items onto a pushcart and then exited the freezer.  As claimant carried a pan of meat from the pushcart across the kitchen area, she slipped and fell.  Claimant described the incident as follows:

> I picked it up and started to walk, and I hit
> something on the floor.  I don't know what.
> It could have been water.  It could have been
> butter because it was right where the sink
> was and the toaster.  My feet went from under
> me, and I throwed [sic] the pan, and I went
> down because I couldn't grab on nothing
> because my hands was full.

---

[1]The Uninsured Employer's Fund filed a brief in support of the arguments made by employer in its brief.

Claimant stated that her left foot went under her when she fell, and it began to hurt immediately after the fall. Claimant sought medical treatment at Mary Immaculate Hospital on June 11, 1995, where she reported a history of slipping and falling at work. X-rays revealed a bimaleolar fracture of the left ankle.

Claimant came under the care of Dr. Boyd W. Haynes, III. On June 13, 1995, claimant reported a history of slipping at work to Dr. Haynes. In a May 16, 1996 letter to claimant's counsel, Dr. Haynes opined that claimant "did have a pre-existing problem with arthritis of [the left] knee but [I] feel with the history that was given, that this is not what caused her to fall, but it was due to the slickness of the floor at the time."

Claimant testified that she had seen other employees fall in the kitchen and that water, butter, or grease frequently were spilled on the floor. She admitted that she was not able to determine what she slipped on, that she did not notice any substance on the floor before she fell and that she did not feel any particular substance as she fell. At the time of her fall, claimant was wearing work shoes with nonskid soles.

Willie Lancaster, claimant's supervisor, testified that he was present at the restaurant between 7:00 and 8:00 a.m. on the date of claimant's fall. He was cooking with his back to claimant when he heard a commotion. He turned around and saw claimant sitting on the floor, with one leg tucked under her body and one leg forward. After the incident, Lancaster examined the

3

area where claimant fell and did not see any foreign debris, water, or slippery substance. However, Lancaster acknowledged that the floor was frequently splattered with cooking substances or water. Lancaster testified that in a telephone conversation a few days after the accident, the claimant told him that she was not sure how she fell, that she may have slipped or her leg may have given out. Claimant denied telling Lancaster that her leg may have given out.

Based upon this record, the full commission found that claimant sustained a compensable injury by accident when she slipped and fell on June 11, 1995. The commission relied upon claimant's testimony that she slipped, along with the medical histories indicating that she slipped. The commission noted that "[w]hen the evidence preponderates that an employee slipped at work, it is not critical that the slippery substance be positively identified, as long as the cause of the fall was a risk of the employment."

"Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989).

> An injury arises out of the employment "when
> there is apparent to the rational mind upon
> consideration of all the circumstances, a
> causal connection between the conditions

under which the work is required to be performed and the resulting injury . . . . But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant."

Central State Hosp. v. Wiggers, 230 Va. 157, 159, 335 S.E.2d 257, 259 (1985) (quoting Richmond Memorial Hosp. v. Crane, 222 Va. 283, 285, 278 S.E.2d 877, 878-79 (1981)) (other citation omitted).

Claimant's testimony, which was corroborated by the medical histories, constitutes credible evidence to support the commission's finding that claimant fell on June 11, 1995 because she slipped due to a work-related risk, not because her knee gave way. In its role as fact finder, the commission was entitled to give more weight to claimant's testimony than to Lancaster's testimony. Claimant's evidence established a causal connection between the conditions under which employer required her to perform her work and her resulting injury. Although claimant

5

could not identify the specific substance or foreign debris that caused her to slip, the commission could have reasonably inferred from the evidence that she slipped due to a condition or danger peculiar to her workplace. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

## II.

We find no merit in employer's contention that the commission erred in failing to dismiss claimant's appeal to the full commission because she did not file a written statement. Claimant complied with the commission's notice by sending a letter to the commission, which it received on October 4, 1996, stating that she did not intend to file a written statement because she could not afford to hire an attorney to do so.

For these reasons, we affirm the commission's decision.

Affirmed.