COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Overton
Argued at Salem, Virginia


HARDEE'S OF AMHERST
AND
BODDIE NOELL ENTERPRISES, INC.
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0873-97-3           JUDGE JOSEPH E. BAKER
                                       DECEMBER 16, 1997
NANCY J. JOHNSON


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Monica L. Taylor (Matthew W. Broughton;
              Gentry, Locke, Rakes & Moore, on brief), for
              appellants.

              No brief or argument for appellee.


     Hardee's of Amherst and Boddie Noell Enterprises, Inc.,

(employer) appeal from a decision of the Virginia Workers'

Compensation Commission (commission) awarding benefits to

Nancy J. Johnson (claimant) for a right-elbow injury sustained as

a result of a fall that occurred while claimant was at work for

employer.  On appeal, employer contends that the commission erred

by (1) holding that claimant's fall arose out of her employment

and (2) failing to consider the history of the accident contained

in certain medical records to impeach claimant's testimony

regarding how the accident occurred.  For the reasons that

follow, we reverse the commission's award.[1]

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

          [1]Because our decision rests on the first question presented,
we do not reach the second one.

As the parties are fully conversant with the record, we reference only those facts necessary to a disposition of the appeal.

At the hearing before the deputy commissioner, claimant described the incident as follows:

> Well, it was very busy that day, it was during lunch hour and everything. And I turned to get the sandwiches for a customer and everything, when I turned real fast I went I went, like I went flying across. I hit the floor, I landed right on my elbow.

When asked by the deputy commissioner, "Did your feet slip, is that what happened?", she responded, "Yes. I just went flying."

Claimant received treatment first at the hospital and then from John W. Barnard, M.D. Dr. Barnard's office note of March 27, 1996, provides the following history:

> This is a 39 y/o right-hand dominant w/f with a history of seizure disorders who felt dizzy today at Hardee's and fell landing directly on her right elbow. She remembers the accident and does not think she had a seizure. She was seen in the ER, x-rays [were] taken and she was referred to the office for evaluation after being cleared from a seizure standpoint.

The deputy commissioner found that claimant sustained an injury arising out of and in the course of her employment and awarded medical benefits. Employer appealed the determination that the injury arose out of claimant's employment, and the full commission affirmed, with one commissioner dissenting. In its opinion, the commission said:

> The employee was engaged in her usual activities during the busy lunch hour at a

- 2 -

> fast-food restaurant at the time of the fall. Any number of things could have been on the floor which would have caused her fall. That she cannot identify exactly what she stepped on prior to her fall does not defeat her claim.

We disagree with that statement as related to this case. A claimant has "the burden of establishing, by a preponderance of the evidence, <u>and not merely by conjecture or speculation</u>, that she suffered an injury by accident which arose out of and in the course of the employment." <u>Central State Hosp. v. Wiggers</u>, 230 Va. 157, 159, 335 S.E.2d 257, 258 (1985) (emphasis added).

> The phrases arising "out of" and arising "in the course of" are separate and distinct. We have long held that they mean different things and that proof of both is essential to recovery under the [Workers' Compensation] Act. The phrase arising "in the course of" refers to the time, place, and circumstances under which the accident occurred. The phrase arising "out of" refers to the origin or cause of the injury.

<u>County of Chesterfield v. Johnson</u>, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989) (citation omitted). Our Supreme Court has clearly declared that a claimant must prove a "'critical link' . . . between the conditions of the workplace and the injury in order for the injury to qualify as 'arising out of' the employment." <u>Pinkerton's, Inc. v. Helmes</u>, 242 Va. 378, 380, 410 S.E.2d 646, 647 (1991) (quoting <u>Johnson</u>, 237 Va. at 186, 376 S.E.2d at 76).

On appeal, we are bound by the factual findings of the commission if they are supported by credible evidence in the record. <u>See</u> <u>Crisp v. Brown's Tysons Corner Dodge, Inc.</u>, 1 Va.

App. 503, 504, 339 S.E.2d 916, 916 (1986); Code § 65.2-706. However, "[w]hether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989).

We conclude that this case is controlled by the holding in Wiggers, 230 Va. 157, 335 S.E.2d 257. In that case, the claimant "'turned' or 'twisted' her ankle while walking" to answer a telephone. Id. at 158, 335 S.E.2d at 258. She testified that she didn't "know if the floor was slippery or what," and merely "surmised that the floor might have been slippery from some unknown cause" such as floor wax or some foreign substance from renovations going on elsewhere in the building. Id. In that case, the commission concluded that claimant "turned her ankle while walking along a floor made slippery by an unknown substance causing the claimant to turn her ankle and suffer an immediate injury." Id. However, the Virginia Supreme Court concluded that "[t]he record provide[d] no support, beyond the claimant's speculation, for these findings," and reversed the commission's award. Id. at 158-60, 335 S.E.2d at 258-59.

In this case, the record fails to identify the cause of the fall with the required specificity, and the commission may not speculate what substance, if any, caused claimant to fall. The record is devoid of evidence that anything on the floor caused claimant to slip, and it contains no indication that claimant was

- 4 -

working in an unusual or awkward position or that she was engaged in unusual lifting or carrying activities.  See id.  Compare Johnson, 237 Va. at 184-86, 376 S.E.2d at 75-76 (holding that twist-type injury incurred while turning on ordinary staircase did not arise out of employment), with Reserve Life Ins. Co. v. Hosey, 208 Va. 568, 569, 159 S.E.2d 633, 634 (1968) (holding that injury incurred on rock steps "a little bit higher than usual" arose out of employment).  This record discloses that claimant's accident was an "unexplained fall," which is not compensable under Virginia law.  See PYA/Monarch and Reliance Ins. Co. v. Harris, 22 Va. App. 215, 223-24, 468 S.E.2d 688, 692 (1996) (compensability of unexplained fall results only from application of positional risk doctrine, which has been expressly rejected in Virginia in non-death cases in favor of actual risk doctrine) (citing Pinkerton's, 242 Va. at 381, 410 S.E.2d at 648).

Finding no evidence in the record to establish a sufficient causal connection between claimant's work environment and her injury, we reverse the holding of the commission and vacate the award.

Reversed and vacated.