COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Frank and Clements


DOUGLAS WAYNE BASHAM

                                          MEMORANDUM OPINION*

v.    Record No. 1099-01-2                 PER CURIAM
                                       AUGUST 28, 2001
CRESTAR BANK/SUNTRUST BANK AND
 MADISON INSURANCE COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(T. Bryan Byrne, on briefs), for appellant.

(Jennifer G. Marwitz; Law Offices of Roya
Palmer Ewing, on brief), for appellees.


Douglas Wayne Basham contends that the Workers'
Compensation Commission erred in holding that he failed to prove
that on March 29, 2000 he sustained an injury by accident
arising out of his employment.  Upon reviewing the record and
the briefs of the parties, we conclude that this appeal is
without merit.  Accordingly, we summarily affirm the
commission's decision.  See Rule 5A:27.

Whether an injury "arose out of" the employment is a mixed
question of law and fact.  Park Oil Co. v. Parham, 1 Va. App.
166, 168, 336 S.E.2d 531, 532 (1985).  We must, therefore,
"determine whether the facts presented are sufficient as a

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

matter of law to justify the commission's finding." Hercules, Inc. v. Stump, 2 Va. App. 77, 78, 341 S.E.2d 394, 395 (1986).

To receive compensation benefits, a claimant must prove that he suffered an injury by accident that arose out of and in the course of the employment. See County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). An injury "arises out of" the employment if a causal connection exists between the claimant's injury and "'the conditions under which the employer requires the work to be performed,'" Grove v. Allied Signal, Inc., 15 Va. App. 17, 19, 421 S.E.2d 32, 34 (1992) (citation omitted), or "some significant work related exertion caused the injury," Plumb Rite Plumbing Service v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989).

> "'Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.'"

-

R & T Investments, Ltd. v. Johns, 228 Va. 249, 252-53, 321 S.E.2d 287, 289 (1984) (citations omitted).

Basham testified that on March 29, 2000, he worked for Crestar Bank/SunTrust Bank (employer) overseeing computerized "batch production control," and monitoring lines between employer and different banks. At the time, Crestar Bank was merging with SunTrust Bank.

Basham described his work area as a fifteen to twenty-yard long aisle. He stated that he sat in a rolling chair very close to a table and his keyboard, which ran along one side of the aisle. Computer monitors were in front of Basham and above him, and other tables were approximately four feet behind him. The tables behind him were used by employees to store various personal belongings. At times, other employees walked in the aisle behind his chair. Basham stated that he had collided with such persons a couple of times in the past when arising from his chair. He testified that as part of his job, when a "tape mount" indicator lit up on his computer, he was required to leave his chair and go to another room to mount a tape as quickly as possible.

On March 29, 2000, while sitting in his chair, Basham saw the tape mount indicator light up. As a result, he needed to retrieve a tape from another room and mount it in a different room. He testified that he "started twisting and coming up out of [his] chair." He stated, "When I seen the tape mount I spun

-

out of my chair, twisting my back at the same time where I wouldn't have to throw my chair back . . . and when I stood up I felt a pinching, burning sensation in my left buttocks."  He admitted that rather than twisting up out of his chair, he could simply have turned his head to see if anyone was coming behind him.

Basham described the incident in an e-mail to his supervisor as follows:  "got out of chair."  He did not mention anything about twisting.  His supervisor, Robert Kerlaveg, testified that Basham never told him he twisted up out of the chair because he was in a hurry to mount a tape.

The medical records reflect that when Basham was examined by Dr. Des P. Moore shortly after the March 29, 2000 incident, he mentioned nothing about twisting to get out of his chair at work.  On May 16, 2000, when he was first examined by Dr. David S. Geckle, Basham reported the following history: "[A]t work and he just stood up and suddenly developed severe back and leg pain that has been progressive and unrelenting since."  It was undisputed that claimant had suffered from back problems before March 29, 2000 and that he had undergone two previous back surgeries for a herniated disc at the L5-S1 level.

Based upon this record, the commission held as follows:

> [I]t does not appear that the claimant was
> in an awkward or cramped situation when he
> stood up to get out of his chair.  Although
> arguably he twisted to avoid backing up and
> bumping into someone, the evidence suggests

-

that in standing he aggravated a previous
back problem and this simple standing does
not arise out of his employment.

The evidence supports the commission's holding that no
condition of Basham's workplace caused or contributed to his
back injury on March 29, 2000.  The evidence did not prove that
he was required as a condition of his employment to twist up
from his chair from an awkward position.  Rather, the evidence
proved that his work area was configured in such a manner that
he could have looked to see if anyone was behind him, pushed his
chair back, and then stood up from it.  The fact that he chose
to do otherwise did not constitute a "causative danger" that
"had its origin in a risk connected with the employment."

For these reasons, we affirm the commission's decision.

Affirmed.

-