455 S.E.2d 761

## SOUTHSIDE VIRGINIA TRAINING CENTER/COMMONWEALTH OF VIRGINIA

v.

### Barbara W. SHELL.

Record No. 1710–94–2.

Court of Appeals of Virginia, Richmond.

April 11, 1995.

Elder, J., filed dissenting opinion.

Lee Melchor Turlington, Asst. Atty. Gen. (James S. Gilmore, III, Atty. Gen.; Gregory E. Lucyk, Sr. Asst. Atty. Gen., on briefs), for appellant.

Donald E. Jeffrey, III, Petersburg (Hill and Rainey, on brief), for appellee.

Present: MOON, C.J., ELDER, J., and COLE, Senior Judge.

MOON, Chief Judge.

Southside Virginia Training Center, an agency of the Commonwealth of Virginia, appeals from a Worker's Compensation Commission award to Barbara W. Shell for injuries she sustained when she fell down steps while working. The appellant disputes that the fall "arose out of" Shell's employment. Because no defects in the steps or any condition of the employment caused her to fall, we reverse the commission's decision.

Shell, an aid at Southside, normally worked in building 28–29, but because Southside was short of staff on June 1, 1993, Shell was working in building 30–31. A nurse sent Shell to the lower level of building 30–31 to retrieve a medical file for a patient who was having an asthma attack. The two buildings, 30–31 and 28–29, are similar, except for the steps which connect the upper and lower levels in each. Building 28–29 has only one step, like a platform, between the two levels. Building 30–31 has an additional step. The step configuration in each building is standard; nothing in the record shows an abnormality in either the angle of the rise or the dimensions of the tread or carriage. A handrail is attached to the steps in building 30–31. Shell testified that she only worked in building 30–31 about once a month and had used these steps on three or four prior occasions.

When Shell reached the steps, she looked over at a client who was, by her description, "recreating." As she turned back around, she missed the step in the middle, got her foot hung up, twisted her ankle around, and "just fell on the floor."

At the hearing before the deputy commissioner, Shell admitted that the area was well lit, that no foreign substance on the steps caused her fall, and that there was nothing unusual about the steps.

The deputy commissioner acknowledged that no evidence existed showing that the steps were higher than normal or had varying surfaces, but ruled that because the stairs in building 30–31 were "different from those to which she was accustomed" in building 28–29, she was entitled to compensation.

The commission, Commissioner Tarr dissenting, affirmed the deputy commissioner's ruling that Shell's injury arose out of her employment. The commission also made further factual findings, not made by the deputy commissioner, that Shell, hurrying as she opened the door, was distracted, and that the height from which she fell, about twenty-one inches, was an additional risk of her employment which formed another independent ground for her recovery.

The commission's decision that an accident arises out of the employment involves a mixed question of law and fact and is thus reviewable on appeal. *Mullins v. Westmoreland Coal Co.*, 10 Va.App. 304, 307, 391 S.E.2d 609, 611 (1990). To prove the "arising out of" element, Shell must show that a condition of the workplace either caused or contributed to her fall. *County of Chesterfield v. Johnson*, 237 Va. 180, 184, 376 S.E.2d 73, 76 (1989).

This Court has repeatedly applied the "arising out of the employment" principles espoused in *Johnson*. *See, e.g., Jones v. Colonial Williamsburg Foundation*, 10 Va.App. 521, 392 S.E.2d 848 (1990) (en banc); *Plumb Rite Plumbing Serv. v. Barbour*, 8 Va.App. 482, 382 S.E.2d 305 (1989). In *Johnson*, the Supreme Court, reversing this Court's decision awarding Johnson compensation for an injury occasioned while he traversed stairs, held that because the stairs were free of defect and Johnson's injury was not occasioned by any abnormal condition under which he traversed the steps, his injury did not arise from his employment. 237 Va. at 184–85, 376 S.E.2d at 75–76. In reviewing our decision in *Johnson*, the Supreme Court criticized the reasoning in our decision in *Hercules, Inc.*

*v. Stump,* 2 Va.App. 77, 341 S.E.2d 394 (1986), in which we had held that an injury from a mere fall on stairs was compensable because stairs on the employer's premises exposed an employee to an added risk.

Hence, our inquiry must be whether credible evidence supports a finding that a defect in the stairs or a condition of Shell's employment caused her to fall down the steps and injure herself.

The commission's finding that Shell was either hurried or distracted is speculative and unsupported by the record. First, on cross-examination, Shell did not give an affirmative answer in direct response to counsel's question of whether she was rushing when she fell. Shell merely stated that she was on her way to obtain medical records for a patient suffering from an asthma attack. While her team leader testified that it would not be unusual for someone in Shell's position to be in a hurry, neither she nor Shell stated that this, in fact, was the case.

Second, Shell testified that before reaching the steps her attention was momentarily drawn to a client who was "recreating." She stated that she turned around before descending the steps but never stated that the client was the direct cause of her inadvertence to the stairs. While the commission makes much of the client's "recreating" and found that it was possibly abnormal behavior, no evidence explained that "recreating" meant anything more than lounging about or enjoying oneself in a recreation "room, and no evidence established that the 'recreating' contributed to her fall."

Finally, Shell repeatedly stated throughout the record that she was thinking about the steps in 28–29 when she fell down the steps in 30–31. Virginia Taylor, Shell's team leader, reported in an injury report filed on June 7, 1993, that Shell stated she "forgot there were stairs" and "walked down the stairs without paying attention."

██ By her own admissions, Shell established that her fall was due solely to her own negligence. Shell's case can rise no higher than her own uncontradicted testimony. *Massie v.*

*Firmstone,* 134 Va. 450, 462, 114 S.E. 652, 655–56 (1922). Furthermore, that Shell fell down stairs to which she was not accustomed in a building that was similar to the building in which she normally worked, alone, does not rise to the level of a "causative danger ... peculiar to [her] work and not common to the neighborhood." *R & T Investments v. Johns, Ltd.,* 228 Va. 249, 253, 321 S.E.2d 287, 289 (1984).

■ Lastly, the commission's other, independent basis for Shell's recovery, that her employment presented an "additional risk of injury" because she fell from a height of about twenty-one inches, is erroneous. The commission relied on *Southland Corporation v. Parson,* 1 Va.App. 281, 338 S.E.2d 162 (1985), a case in which a claimant fell off an eighteen inch box. The commission's quantitative reasoning was that because Shell fell from a height of about twenty-one inches (more than eighteen), her employment presented an additional risk of injury.

However, in *Parson,* the height of the box from which the employee fell was not the only basis for our conclusion that the claimant suffered a compensable injury. In addition to our holding that the elevated height constituted an "added risk" of the employment, we noted that the claimant was in a vault or refrigerator, enclosed with walls, and that she was not furnished with an appropriate ladder and was forced to stand on a milk crate in order to reach the shelving. At the time of Parson's injury, she had several one-half gallon milk cartons under her arm and was reaching up to place them upon the shelves. "When *all* of these factors are considered," we held, "we are left with no doubt that [Parson's] case is within the scope of the 'actual risk' doctrine." *Id.* at 287, 338 S.E.2d at 165 (emphasis added). We also note that merely working on an unstable, eighteen-inch box presents a risk inherently more dangerous than traversing normal stairs. Similar factors do not exist in Shell's case.

Accordingly, because no credible evidence supports the award, the ruling of the commission is reversed and the claim dismissed.

*Reversed and dismissed.*

ELDER, Judge, dissenting.

I respectfully dissent from the majority's opinion and would affirm the commission's award of compensation to Shell. I believe the commission relied on sufficient facts to support its finding that conditions of Shell's employment caused her fall from the steps.

First, the commission was entitled to draw a reasonable inference from the evidence presented that Shell was hurrying, based on the fact that she was retrieving medical records for a patient who was suffering an asthma attack. *See Hawks v. Henrico County School Bd.*, 7 Va.App. 398, 404, 374 S.E.2d 695, 698 (1988) (stating that reasonable inferences may be drawn from credible evidence and will not be disturbed on appeal); *Caskey v. Dan River Mills, Inc.*, 225 Va. 405, 411, 302 S.E.2d 507, 510–11 (1983) ("If there is evidence or reasonable inference that can be drawn from the evidence to support the Commission's findings, they will not be disturbed by this Court on appeal, even though there is evidence in the record to support contrary findings of fact."). Shell testified that she knew that a van was en route to pick up the asthmatic patient, and her supervisor testified that Shell "was probably in a little bit of a rush."

Second, evidence in the record shows that Shell was at least temporarily distracted by clients who were "recreating" and that Building 30–31 was an unfamiliar work environment for Shell. The majority accurately states that "no evidence explained that 'recreating' meant anything more than lounging about or enjoying oneself in a recreation room." Nonetheless, this Court may not disturb the commission's determination that "recreating" was one contributing factor that led Shell, whose job included supervising clients, momentarily to be distracted as she approached the steps. *See, e.g., Stancill v. Ford Motor Co.*, 15 Va.App. 54, 58, 421 S.E.2d 872, 874 (1992) ("Factual findings of the . . . Commission will be upheld on appeal if supported by credible evidence"); Code § 65.2–706. Furthermore, this Court may not disturb the commission's inference, based upon facts in the record, that the "recreating"

was one cause of Shell's distraction from the different configuration of steps in Building 30–31, as compared to Building 28–29.

Even though the commission's decision that an accident arises out of the employment involves a mixed question of law and fact, *Mullins v. Westmoreland Coal Co.*, 10 Va.App. 304, 307, 391 S.E.2d 609, 611 (1990), the determination of causation is a question of fact. *Ingersoll–Rand Co. v. Musick*, 7 Va.App. 684, 688, 376 S.E.2d 814, 817 (1989). In light of the facts enumerated above, this Court cannot disturb the commission's finding that conditions of Shell's employment caused her to trip on the steps. For these reasons, I respectfully dissent.