COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


JANETTE R. OGLE

v.   Record No. 2708-95-4                    MEMORANDUM OPINION[*]
                                                PER CURIAM
NATIONAL ASSOCIATION OF                      MAY 14, 1996
 ELEMENTARY SCHOOL PRINCIPALS
AND
AETNA CASUALTY & SURETY COMPANY


                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

            (John B. Delaney; Delaney, McCarthy, Colton
            & Botzin, on briefs), for appellant.

            (Barry P. Heitin, on brief), for appellees.


     Janette R. Ogle contends that the Workers' Compensation

Commission erred in denying her application on the ground that

her March 10, 1994 fall down a stairway did not arise out of her

employment.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     On March 10, 1994, while in the course of her employment,

Ogle fell down a three-step carpeted stairway.  Ogle was wearing

rubber soled, deep tread shoes.  Ogle testified that she had

descended one flight of stairs and was beginning to descend a

second when her foot "stuck," causing her to lose her balance.

———————————

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

She fell, striking her head, wrists, left shoulder, and twisting her neck and back.  Ogle noticed nothing unusual about the steps or the carpet.  The employer's post-accident inspection revealed no defect in the stairs or carpet.

"To prove the 'arising out of' element, [in a case involving injuries sustained from falling down stairs at work,] [Ogle] must show that a condition of the workplace either caused or contributed to her fall."  Southside Virginia Training Ctr. v. Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995) (citing County of Chesterfield v. Johnson, 237 Va. 180, 184, 376 S.E.2d 73, 76 (1989)).  "Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989).  However, unless we conclude that Ogle proved, as a matter of law, that her employment caused her injury, the commission's finding is binding and conclusive on appeal.  Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Although Ogle was in the course of her employment when her injury occurred, her evidence did not show that any defect in the stairs or the carpet or any condition peculiar to her workplace caused her to fall down the steps and injure herself.  Ogle could not explain why her foot stuck on the carpeted stair nor was there any evidence that the placement of the handrails in the stairway had anything to do with her fall.  Because no evidence

2

showed a causal connection between the conditions of Ogle's employment and her fall, we are unable to find that she proved as a matter of law that her injury arose out of her employment.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>

3