COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Coleman and Bray
Argued at Norfolk, Virginia


CITY OF PORTSMOUTH

MEMORANDUM OPINION[*] BY
v.          Record No. 0029-96-1         JUDGE SAM W. COLEMAN III
                                                 JULY 2, 1996
GEORGE GRANT, SR.


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Sheila C. Riddick, Assistant City Attorney
(G. Timothy Oksman, City Attorney; City
Attorney's Office, on brief), for appellant.

Alan P. Owens for appellee.



The City of Portsmouth appeals the commission's order awarding George Grant, Sr. (claimant) temporary total disability benefits for injuries resulting from a fall on stairs during the course of his employment.  The City contends that the evidence does not show that the claimant's injury arose out of his employment.  We hold that credible evidence supports the commission's decision and affirm the award of benefits.

The claimant was employed as a classification officer with the Portsmouth Sheriff's Department.  On February 21, 1995, he began to descend a stairway at the Circuit Court building after delivering update sheets to inmates in the city jail.  The claimant testified that he "stepped off on the first step going down and [his] foot slipped and he [fell] . . . to the first

_____

[*] Pursuant to Code § 17-116.010 this opinion is not designated for publication.

landing." According to the claimant, "the stairs [were] slick . . . [r]ight on the edges," and that is what caused him to fall. The claimant could not identify any foreign substance on the stairs, but speculated that "a wax build up probably" caused them to be slick. He denied that he fell because he was talking with a co-worker and was not paying attention.

William McGlaughon and Donna Barnes, who are employed by the city department that is responsible for the maintenance of the stairway, testified on the City's behalf. They both testified that the steps on which the claimant fell are never waxed. However, neither witness investigated the stairway on the date of the accident, and they could not testify as to whether it was slick on that date.

The commission held that claimant's injury arose out of his employment in that it was caused by a condition of the workplace. Relying on this Court's unpublished decision in Fairfax Hosp. & Inova Health Sys. Found., Inc. v. Mitchell, Rec. No. 1729-94-4 (Mar. 7, 1995), the commission held that the claimant's testimony that his fall was caused by something slick on the stairway was "uncontradicted" and that he was not required to identify the exact substance that caused him to fall.

In determining whether injuries resulting from a fall on stairs arose out of employment, the "inquiry must be whether credible evidence supports a finding that a defect in the stairs or a condition of [the claimant's] employment caused" the fall.

Southside Virginia Training Ctr. v. Shell, 20 Va. App. 199, 203, 455 S.E.2d 761, 763 (1995).

Here, the claimant testified that the stairs were "slick" and it was that condition of the stairs which caused him to fall. Cf. County of Chesterfield v. Johnson, 237 Va. 180, 182, 376 S.E.2d 73, 74 (1989) (finding that the claimant fell because his "knee gave way" and not because the stairs were defective); Shell, 20 Va. App. at 203, 455 S.E.2d at 763 (finding that the claimant's admissions "established that her fall was due solely to her own negligence"). Although William McGlaughon and Donna Barnes testified that the stairs were never waxed, neither could testify as to the condition of the stairs on the day of the fall. Therefore, the claimant's testimony that the stairs were slick constituted credible evidence in support of a finding that his fall was caused by a condition of the stairs. We affirm the commission's award.

Affirmed.