COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


MOUNTAIN LAKE
AND
TRANSPORTATION INSURANCE COMPANY      MEMORANDUM OPINION[*]
                                          PER CURIAM
v.         Record No. 0333-96-3        AUGUST 20, 1996

RAYMOND O. MEREDITH


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Richard A. Hobson, on brief), for
            appellants.

            (James A. Hartley; Hartley, Chidester and
            Steele, P.C., on brief), for appellee.


        Mountain Lake and its insurer (jointly referred to herein as

employer) contend that the Workers' Compensation Commission

(commission) erred in finding that injuries sustained by Raymond

O. Meredith (claimant) as a result of his January 22, 1995 fall

down a stairway arose out of his employment.[1]  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

        On January 22, 1995, while in the course of his employment,

claimant fell as he attempted to descend a stairway from the

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]Employer also contends that the commission committed
reversible error by allowing claimant to speculate as to how the
injury occurred.  We disagree.  The commission's decision was
based upon claimant's uncontradicted testimony of actual events,
not upon any alleged speculation.

second floor of Mountain Lake Hotel.  The stairway consisted of a flight of six or seven steps, a landing, and another flight of steps leading to the first floor lobby.  The handrail for the steps did not extend all the way to the second floor landing.  It began approximately twelve inches below the second floor landing.  The only sources of light for the stairway came from the second floor hall and two lights in the lobby.  Claimant could not turn on any lights in the stairway because the switch was located in the downstairs lobby office.  Although the stairway was not completely dark, claimant stated that there was "some light but not a great deal."  Claimant, who has had a prosthesis on his right leg since 1956, placed his right foot on the stair, started to lean forward to grab the handrail, and fell.  He testified that he could not see where he was putting his leg due to the lack of light.

"To prove the 'arising out of' element, [in a case involving injuries sustained from falling down stairs at work,] [claimant] must show that a condition of the workplace either caused or contributed to [his] fall."  Southside Virginia Training Ctr. v. Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995) (citing County of Chesterfield v. Johnson, 237 Va. 180, 184, 376 S.E.2d 73, 76 (1989)).  "Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989).

In ruling that claimant's injuries arose out of his employment, the commission found that "the claimant fell while descending a darkened stairwell equipped with an inadequate railing after he stepped forward with his artificial leg. We believe that the evidence establishes that the conditions of the claimant's employment caused his fall."

"Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). Based upon claimant's testimony, the commission could reasonably infer that the lack of adequate lighting in the stairwell and the positioning of the handrail constituted risks peculiar to claimant's employment which contributed to cause his fall. Accordingly, the commission did not err in finding that the conditions of claimant's employment caused his fall and that, therefore, his injuries arose out of his employment.

For these reasons, we affirm the commission's decision.

Affirmed.

3