COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Overton

IZELA E. PAZ

v.  Record No. 1970-96-4                MEMORANDUM OPINION[*]
                                      PER CURIAM
McDONALD'S STORE #01638               JANUARY 14, 1997
AND
AMERICAN MANUFACTURERS
 INSURANCE COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Eric S. Wiener, on brief), for appellant.

(Edward H. Grove, III; Brault, Palmer, Grove, Zimmerman, White & Mims, on brief), for appellees.


Izela E. Paz (claimant) contends that the Workers' Compensation Commission (commission) erred in finding that she failed to prove she sustained an injury by accident arising out of her employment.  Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

"To prove the 'arising out of' element, [in a case involving injuries sustained from falling down stairs at work,] claimant must show that a condition of the workplace either caused or contributed to her fall."  Southside Virginia Training Ctr. v. Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995) (citing

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

County of Chesterfield v. Johnson, 237 Va. 180, 184, 376 S.E.2d 73, 76 (1989)).  "Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989).  However, unless we conclude that claimant proved, as a matter of law, that her employment caused her injury, the commission's finding is binding and conclusive on appeal.  Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Although claimant was in the course of her employment when her injury occurred, her evidence did not show that any defect in the stairs, the presence of any foreign substance on the stairs, or any condition peculiar to her workplace caused her to fall down the steps and injure herself.  Although claimant and her witness testified that there was grease and water on employer's kitchen floor, no evidence showed that claimant had grease or water on her shoes when she fell or that claimant had any problems walking through the kitchen before she descended the stairs.  Moreover, employer's witness testified that she examined the stairs immediately following claimant's fall and did not observe any grease, water, or foreign substance on the floor or stairs.  Because no evidence showed a causal connection between the conditions of claimant's employment and her fall, we are unable to find that she proved as a matter of law that her injury arose out of her employment.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>