COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

ECONO CLEAN JANITORIAL SERVICE
AND
TRANSPORTATION INSURANCE COMPANY

MEMORANDUM OPINION[*]
v.    Record No. 0874-97-1                 PER CURIAM
                                      AUGUST 12, 1997
FLORA EMERSON

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Jennifer G. Marwitz; Law Offices of Richard
              A. Hobson, on brief), for appellants.

              (W. Mark Broadwell, on brief), for appellee.


     Econo Clean Janitorial Service and its insurer (hereinafter

collectively referred to as "employer") appeal a decision of the

Workers' Compensation Commission (commission) awarding benefits

to Flora Emerson (claimant).  Employer contends that the

commission erred in finding that claimant proved she sustained an

injury by accident arising out of her employment on July 5, 1996.

 Finding no error, we affirm the commission's decision.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "To

prove the 'arising out of' element, [in a case involving injuries

sustained from falling down stairs at work,] [claimant] must show

that a condition of the workplace either caused or contributed to

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

her fall." Southside Virginia Training Ctr. v. Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995) (citing County of Chesterfield v. Johnson, 237 Va. 180, 184, 376 S.E.2d 73, 76 (1989)). "Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989).

In ruling that claimant's injuries arose out of her employment, the commission found as follows:

> The claimant was descending an outdoor concrete stairwell at night carrying cleaning supplies. We find credible the claimant's testimony that she could not stop her fall because she could not hang onto the railing due to the fact that she was carrying cleaning bottles, towels, and a broom and dustpan. We find that the claimant has adequately explained any discrepancies between her testimony and her recorded statement. Although she neglected to mention the broom and dustpan in her recorded statement, the claimant is certain she had them because she was going to sweep the weigh station. With regard to the railing, the claimant explained that she tried to hold onto the railing when she slipped, but because of the items she was carrying she could not stop her fall. The claimant heard her knee pop and felt pain when she landed on it.

Claimant's testimony constitutes credible evidence to support the commission's factual findings. Based upon these findings, the commission could conclude that

> [i]t is reasonable to infer that if she had not been carrying the cleaning supplies the claimant could have prevented the injury, and we so find because the claimant has credibly testified to this effect. . . . The carrying

2

of the spray bottles, paper towels, broom,
and dustpan prevented the claimant from
stopping her fall, resulting in the knee
injury.

"Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal."  Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).  Here, the evidence supported an inference that conditions of the workplace, i.e., the carrying of the various cleaning supplies, either caused or contributed to claimant's injury.

Accordingly, we affirm the commission's decision.

Affirmed.