COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Senior Judge Baker


SUNNYSIDE PRESBYTERIAN RETIREMENT
 COMMUNITY AND HEALTHCARE PROVIDERS
 GROUP SELF-INSURANCE ASSOCIATION
                                       MEMORANDUM OPINION*
v.   Record No. 0828-98-3                   PER CURIAM
                                         AUGUST 18, 1998
PEARL D. ROYER


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Cathleen P. Welsh; Wharton, Aldhizer &
               Weaver, on brief), for appellants.
               Appellants submitting on brief.

               (A. Thomas Lane, Jr., on brief), for
               appellee.  Appellee submitting on brief.


        Sunnyside Presbyterian Retirement Community and its insurer

(hereinafter referred to as "employer") appeal from a decision of

the Workers' Compensation Commission ("commission") holding that

Pearl D. Royer ("claimant") proved that she sustained an injury

by accident arising out of her employment on December 10, 1996.

For the following reasons, we reverse the commission's decision.

     On December 10, 1996, claimant worked for employer as a

housekeeping assistant.  Claimant usually exited from her

workplace straight out of the front entrance/exit doors and

through an archway without turning.  But, on December 10, 1996,

claimant's husband, who was picking her up from work, had parked

his vehicle to the right of employer's business and down a hill.

---

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

As claimant exited her workplace, she saw her husband's vehicle at the bottom of the hill. As she turned to her right to walk down the hill, she tripped over the corner of a rectangular concrete planter located in front of a pillar, and fell. Claimant stated that she caught the tip of her right foot and that she was not looking at the planter at the time, although she knew it was present. Claimant stated that, "I came out and I just touched the top, just tipped it a little bit with my foot. I didn't quite step out far enough. Raised my foot and I just touched enough to trip me." She further stated: I just didn't step away from them far enough. You know, I didn't look down to say, oops, I've got to avoid this flower pot. I was just looking to see if I could see my husband. And I thought I had got away from it far enough, and I just touched it, barely touched it. But it was enough to unbalance me.

Claimant had worked for employer for approximately six years at the time of her injury, and she was aware of the planter's location in front of employer's business. She admitted that the area had adequate lighting and that there was nothing wrong with the ground, the concrete, or the planter. As a result of her fall, claimant alleged that she sustained a right shoulder injury.

Dwight Miller, an architect familiar with the site of employer's business, made a drawing of the entrance, showing the location of the pillars, planters, and entrance/exit way.

According to Miller, the placement of the planter did not violate the building code or any custom in the area.

The commission, in reversing the deputy commissioner, found that claimant's evidence proved that her fall arose from a condition of her employment. The commission found that claimant "identified the particular danger which caused her injury, i.e., a concrete planter designed to make the employer's building more inviting to the public." Based upon this finding, the commission concluded that "[t]here is therefore a nexus between her employment conditions and her injury."

"The commission's decision that an accident arises out of the employment involves a mixed question of law and fact and is thus reviewable on appeal." Southside Virginia Training Ctr. v. Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995).

"The claimant had the burden of establishing, by a preponderance of the evidence, and not merely by conjecture or speculation, that she suffered an injury by accident which arose out of . . . the employment." Central State Hosp. v. Wiggers, 230 Va. 157, 159, 335 S.E.2d 257, 258 (1985). The claimant "must show that a condition of the workplace either caused or contributed to her fall." Shell, 20 Va. App. at 202, 455 S.E.2d at 763. This analysis "excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the [claimant] would have been equally exposed apart from the employment." R & T Investments,

Ltd. v. Johns, 228 Va. 249, 253, 321 S.E.2d 287, 289 (1984). "[O]ur inquiry must be whether credible evidence supports a finding that a defect . . . or a condition of [the claimant's] employment caused her to fall down . . . and injure herself." Shell, 20 Va. App. at 203, 455 S.E.2d at 763.

The planter was not, per se, a hazard of claimant's workplace, and she was still required to prove that she tripped over the planter as a result of an employment-related risk or hazard. The uncontroverted evidence was that the planter was not defective and that claimant was well aware of its location in front of employer's business. No evidence proved that the planter created a risk or hazard connected with claimant's employment, or that the accident was caused by some facet of claimant's job responsibilities. Accordingly, in the absence of credible evidence that claimant's accident arose out of her employment, the commission's ruling is reversed and the claim dismissed.

Reversed and dismissed.