COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


LARRY J. SPARKS

                                        MEMORANDUM OPINION*
v.    Record No. 2272-00-3                 PER CURIAM
                                         JANUARY 23, 2001
MOORE'S QUALITY SNACKS AND
 INSURANCE COMPANY OF THE
 STATE OF PENNSYLVANIA


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (D. Edward Wise, Jr.; Arrington, Schelin &
            Herrell, P.C., on brief), for appellant.

            (Scott C. Ford; McCandlish Kaine, P.C., on
            brief), for appellees.


     Larry J. Sparks (claimant) contends that the Workers'

Compensation Commission erred in finding that he failed to prove

that he sustained an injury by accident arising out of his

employment on August 16, 1999.  Upon reviewing the record and

the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

     "The commission's decision that an accident arises out of

the employment involves a mixed question of law and fact and is

thus reviewable on appeal."  Southside Virginia Training Ctr. v.

Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995).

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

However, unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

"The claimant [has] the burden of establishing, by a preponderance of the evidence, and not merely by conjecture or speculation, that [he] suffered an injury by accident which arose out of . . . the employment." Central State Hosp. v. Wiggers, 230 Va. 157, 159, 335 S.E.2d 257, 258 (1985). The claimant "must show that a condition of the workplace either caused or contributed to [his] fall." Shell, 20 Va. App. at 202, 455 S.E.2d at 763. This analysis "excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the [claimant] would have been equally exposed apart from the employment." R & T Investments, Ltd. v. Johns, 228 Va. 249, 253, 321 S.E.2d 287, 289 (1984).

In ruling that claimant failed to prove that his accident arose out of his employment, the commission found as follows:

> There is no evidence that the steps where
> the claimant fell were defective. Likewise
> there is no evidence that a condition of the
> work precipitated the fall. The claimant
> was only carrying a switch that weighed
> between two and three ounces. There was no
> testimony that this interfered with his
> ability to traverse the stairway. The sole

- 2 -

basis for the claimant's fall arising out of the employment is his testimony that grease and oil on his work boots caused him to slip.  At the time of the accident, claimant told Mr. McKemy and Mr. Wells that he did not know what caused him to fall.  Likewise, the claimant gave a recorded statement on September 9, 1999, saying the accident happened so fast that he did not know what caused it. . . .  It was not until several days after his recorded statement that the claimant decided to examine his boots and determined that there was grease and oil on them.  The claimant then concluded that this must have caused him to fall.  The claimant first mentioned this in the January 24, 2000, deposition and then at Hearing.

At the Hearing, the claimant examined the boots and said that there was oil and grease on the soles.  However, Mr. Wells and Mr. McKemy's examinations revealed no such residue.  Likewise, the Deputy Commissioner personally inspected the boots, visually and by touch, finding no grease or evidence of it in the treads.  We, likewise, have examined the boots and find no grease or oil residue, only the dried debris that was noted by the Deputy Commissioner.  Both Mr. Wells and Mr. McKemy have testified that the oil used in the production of potato chips does not dry if it gets on anything.  They likewise testified that in the waste water area where the claimant testified he got the grease on his shoes, there is only a sticky watery starch mixture.  The starch dries quickly and falls off.  In addition, the process was modified in 1999.  The oil and grease are not contained in the waste water area, but rather in the cook or packaging area.  We note the claimant has not been in this Waste Water Department since the Friday prior to his accident.  The claimant at no time advised the employer of his theory, nor is it mentioned in the medical reports.

- 3 -

Based upon the conflict between claimant's testimony and his earlier reports regarding his accident, and the testimony of Wells and McKemy, the commission, as fact finder, was entitled to conclude that "we cannot find that the claimant fell on the steps as a result of grease or oil on his shoes." Absent claimant's testimony that there was grease or oil on his boots, no evidence established that any condition of claimant's workplace either caused or contributed to his fall. In addition, no evidence established that a defect in the steps caused him to fall. Accordingly, we cannot find as a matter of law that claimant proved he sustained an injury by accident arising out of his employment on August 16, 1999.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>