COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


STAUNTON CORRECTIONAL CENTER,
 COMMONWEALTH OF VIRGINIA
                                    MEMORANDUM OPINION*
v.    Record No. 0114-01-3              PER CURIAM
                                        MAY 15, 2001
GARY L. SANDERSON


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Mark L. Earley, Attorney General; Judith
          Williams Jagdmann, Deputy Attorney General;
          Gregory E. Lucyk, Senior Assistant Attorney
          General; Donald G. Powers, Assistant Attorney
          General, on brief), for appellant.

          (George L. Townsend; Brian J. McNamara;
          Chandler, Franklin & O'Bryan, on brief), for
          appellee.


     Staunton Correctional Center, Commonwealth of Virginia

(employer), contends that the Workers' Compensation Commission

erred in finding that Gary L. Sanderson (claimant) proved that

he sustained an injury by accident arising out of his employment

on July 29, 1999.  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we are bound by the factual findings of the commission if they are supported by credible evidence in the record.  See Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986).  However, "[w]hether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989).  "To prove the 'arising out of' element, [in a case involving injuries sustained from falling . . . at work, claimant] must show that a condition of the workplace either caused or contributed to [his] fall."  Southside Virginia Training Ctr. v. Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995).

Claimant testified that on July 29, 1999, while descending stairs at work, his left foot slipped forward, causing injury to his left knee.  He stated that there was a wet substance on the step upon which he placed his left foot at the time of the incident.

Claimant testified that he reported the injury to Carolyn Maclam, a nurse in employer's medical unit.  Maclam treated claimant in her capacity as a nurse.  She testified that she was more interested in the injury itself rather than how it happened when she questioned claimant.  She could not recall asking claimant what caused the injury, and she did not recall claimant mentioning a foreign substance.

-

In an accident report completed by claimant for Maclam, claimant wrote that he was "leaving office in Bldg. 37-3 coming down stair when a sharp pain went down side of my knee and then my knee tried to lock up." Claimant testified that he did not provide specific details about the incident because he was not asked.

Claimant explained that he did not initially report the presence of a foreign substance because he was told to immediately seek medical attention. He was in pain at the time, and he was not focused on the details of the accident.

Claimant testified that he told Paul Lightner, his supervisor, of the accident on the evening of July 29, 1999. Claimant testified that he told Lightner that he was descending the stairs, noticed a pain in his right leg, and then his left knee locked up, causing him to grab the railing. Claimant stated that he believed he told Lightner that there was "something wet" on the step.

Lightner, who completed the Employer's First Report of Accident, testified that he did so based upon information provided by claimant. The report does not mention that there was a foreign substance on the step. Lightner could not recall his specific conversations with claimant. In addition, the report was completed sometime after July 29, 1999, based upon Lightner's notes of his conversation with claimant.

Claimant was initially treated by Dr. Richardson on July 29, 1999. Dr. Richardson recorded a history of claimant twisting his knee at work earlier that day. He diagnosed a left knee strain. On August 5, 1999, Dr. Richardson opined that "stairs may have aggravated & continue to aggravate L knee." Claimant testified that he believed that he told Dr. Richardson of the "wet substance" on the step.

On August 6, 1999, Dr. Lee Hereford examined claimant. Dr. Hereford recorded a history that claimant "was walking down some steps when the left knee gave way." Dr. Hereford diagnosed possible left knee internal derangement related to possible meniscal degeneration.

The commission found that claimant proved that his injury was caused by a wet substance on the step and, therefore, arose out of his employment. In so ruling, the commission weighed the evidence and concluded that claimant's testimony was credible. It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).

Claimant's testimony provides credible evidence to support the commission's factual findings. Based upon those findings, the commission could reasonably conclude that the wet substance on the stairs caused claimant to slip, resulting in his left knee injury. The commission, as fact finder, was entitled to weigh the medical evidence and to conclude that the histories

-

contained in the office notes of Drs. Richardson and Hereford were of little probative value in light of the "sparse documentation" provided by those physicians.

Claimant's testimony supported the conclusion that a condition of the workplace either caused or contributed to his left knee injury.  Accordingly, we affirm the commission's decision.

Affirmed.