COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


BARBARA W. BARCLIFT
                                        MEMORANDUM OPINION*
v.    Record No. 0374-01-1                  PER CURIAM
                                          JULY 17, 2001
KEMPSVILLE PRESBYTERIAN CHURCH AND
 CHURCH MUTUAL INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Gregory E. Camden; Montagna, Klein & Camden,
            L.L.P., on brief), for appellant.

            (S. Vernon Priddy III; P. Dawn Bishop; Sands,
            Anderson, Marks & Miller, on brief), for
            appellees.


     Barbara W. Barclift (claimant) contends the Workers'

Compensation Commission erred in finding that she failed to

prove she sustained an injury by accident arising out of her

employment on March 25, 1999.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

     "The commission's decision that an accident arises out of

the employment involves a mixed question of law and fact and is

thus reviewable on appeal."  Southside Virginia Training Ctr. v.

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995). However, unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

"The claimant [has] the burden of establishing, by a preponderance of the evidence, and not merely by conjecture or speculation, that she suffered an injury by accident which arose out of . . . the employment." Central State Hosp. v. Wiggers, 230 Va. 157, 159, 335 S.E.2d 257, 258 (1985). The claimant "must show that a condition of the workplace either caused or contributed to her fall." Shell, 20 Va. App. at 202, 455 S.E.2d at 763. This analysis "excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the [claimant] would have been equally exposed apart from the employment." R & T Investments, Ltd. v. Johns, 228 Va. 249, 253, 321 S.E.2d 287, 289 (1984).

Claimant testified that she slipped on the carpeting at work and fell. She stated that she "knew it had something to do with the carpet, because you just don't fall." She claimed the carpet was "in very bad shape" and that it had "ripples" in it. However, she did not testify that her fall was caused by one of the ripples. In fact, she admitted that she did not fall in an

-

area where there were ripples, and she stated "that's not what I'm claiming that I fell on."  She testified that "in [her] heart" she always believed that the carpet was the cause of her fall, but that she could not prove it.

In her recorded statement to employer's insurer on March 29, 1999, she stated that she "had walked in [her] secretary's office and turned to go back and when [she] did, [her] feet slid out from under [her] and [she] pitched forward."  In her second recorded statement to employer's insurer on June 18, 1999, claimant said as follows:

> I have worked in that area for over five years and had not fallen.  I honestly don't know what made me fall.  Believe me, I have racked my brain and tried to figure out something or to remember something, and the carpet in the room is not great, but its not terrible up where I fell . . . .  I think it is just one of those things we're never going to know what happened.

In ruling that claimant failed to prove that her accident arose out of her employment, the commission found as follows:

> The condition of the carpeting is of no moment unless the claimant can prove that the defect caused her to fall.  She said that she "knew [the fall] had to have something to do with the carpet, because you don't just fall."  However, people can and do "just fall."  This is not a compensable event under the Act.  The case also does not turn on whether she said she "slipped" on something or "tripped" over something in the workplace.  Her belief that the carpet was responsible for her fall is speculative.

-

Based upon this record, the commission, as fact finder, was entitled to conclude that "[s]peculation is insufficient to carry the claimant's burden of proof. As she cannot say definitively that she tripped over a defect in the carpeting, her claim must be and is denied." No evidence established that any hazard or condition associated with claimant's workplace either caused or contributed to her fall. Specifically, no evidence established that a defect in the carpeting caused her to fall. In addition, no evidence proved that she tripped over or slipped on something on the carpeting. Accordingly, we cannot find as a matter of law that claimant proved she sustained an injury by accident arising out of her employment on March 25, 1999.

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.