COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Kelsey and Senior Judge Hodges


JULIA DIANNE KITZMILLER

                                        MEMORANDUM OPINION*
v.    Record No. 1506-02-4                PER CURIAM
                                         NOVEMBER 19, 2002
PIZZA HUT AND
 AIU INSURANCE COMPANY/
 AMERICAN INT'L ADJUSTMENT CO.


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Michael F. Heaney; LegalAssist P.L.L.C., on
             brief), for appellant.

             (S. Vernon Priddy III; Sands Anderson Marks &
             Miller, on brief), for appellees.


     Julia Dianne Kitzmiller (claimant) contends the Workers'

Compensation Commission erred in finding that she failed to

prove she sustained an injury by accident arising out of her

employment on June 21, 2001.  Upon reviewing the record and the

parties' briefs, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.

Rule 5A:27.

     "The commission's decision that an accident arises out of

the employment involves a mixed question of law and fact and is

thus reviewable on appeal."  Southside Virginia Training Ctr. v.

Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995).

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

However, unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

"The claimant [has] the burden of establishing, by a preponderance of the evidence, and not merely by conjecture or speculation, that she suffered an injury by accident which arose out of . . . the employment." Central State Hosp. v. Wiggers, 230 Va. 157, 159, 335 S.E.2d 257, 258 (1985). The claimant "must show that a condition of the workplace either caused or contributed to her fall." Shell, 20 Va. App. at 202, 455 S.E.2d at 763. This analysis "excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the [claimant] would have been equally exposed apart from the employment." R & T Investments, Ltd. v. Johns, 228 Va. 249, 253, 321 S.E.2d 287, 289 (1984).

Claimant, who delivers pizzas for employer, testified that on June 21, 2001, she delivered a pizza to a house. As she was leaving the house after she had delivered the pizza, she walked down a stairway, stepped onto the grass and slipped and fell. She testified that the slip occurred suddenly, but she could not identify any hazards present in the area where she fell. She admitted that the area was well lit, the grass was not wet, and

- 2 -

that there was nothing present to cause her to trip. She stated that she "just slipped and fell. That's it."

In ruling that claimant failed to prove that her accident arose out of her employment, the commission found as follows:

> [T]he evidence shows that the claimant was simply walking on grass when she slipped and fell. The claimant denied the presence of any hazards or any condition peculiar to her work that caused her to fall and injure herself. Because no evidence establishes a causal connection between the conditions of the claimant's employment and her fall, we find the claimant failed to prove that her injury arose out of her employment.

Based upon this record, the commission, as fact finder, was entitled to conclude that claimant's evidence failed to sustain her burden of proof. No evidence established that any hazard or condition associated with claimant's workplace either caused or contributed to her fall. In fact, the evidence showed that claimant could not attribute her slip and fall to any particular cause. Accordingly, we cannot find as a matter of law that claimant proved she sustained an injury by accident arising out of her employment on June 21, 2001.

For these reasons, we affirm the commission's decision.

Affirmed.